IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RODRICK L. SINCLAIR,

    Plaintiff,

v.                                          CIVIL ACTION NO.: CV614-072

STANLEY WILLIAMS; ROGER PAULEY;
CELIA ZAMMY; JUSTIN HALL; KATHY
MARTIN; and ERIC SMOKES,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hancock State Prison in Sparta, Georgia, filed a cause of action, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that a fellow inmate, Cordarell Cole, assaulted him and stabbed him with a sharpened piece of metal. Plaintiff contends that other inmates encouraged Cole to continue assaulting Plaintiff. Plaintiff also contends that Defendants Pauley and Hall then entered "the yard", and Defendant Pauley instructed Plaintiff and Cole to stop their actions and to put down the knife, or he was going to spray them both. (Doc. No. 1, p. 5). Plaintiff asserts that this assault lasted several minutes until he was able to gain control of the knife, and he received several injuries as a result. Plaintiff also asserts that he received medical attention from two (2) outside hospitals. In addition to Defendants Pauley and Hall, Plaintiff names Stanley Williams, Celia Zammy, Kathy Martin, Eric Smokes, and the Deputy Warden of Security as Defendants in this case.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under

42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff makes no factual allegations against Defendants Williams, Zammy, Martin, Smokes, or the Deputy Warden. As Plaintiff has failed to satisfy this basis requirement regarding these named Defendants, his claims against Defendants Williams, Zammy, Martin, Smokes, and the Deputy Warden should be **dismissed**.

In addition, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. All disputed facts are resolved in accord with the plaintiff's view of

the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. Plaintiff fails to show that Defendants Pauley and Hall were aware of a known risk to Plaintiff's safety before this alleged assault, Defendants Pauley and Hall were deliberately indifferent to that risk, and Defendants Pauley's and Hall's alleged deliberate indifference was the cause of Plaintiff's injury. In sum, Plaintiff fails to state an Eighth Amendment claim against Defendants Pauley and Hall.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE