IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RODERICK L. SINCLAIR,

    Plaintiff,

v.

WARDEN STANLEY WILLIAMS; SGT.
ROGER PAULEY; COII CELIA ZAMMY;
COII JUSTIN HALL; CO KATHY MARTIN;
DEPUTY WARDEN ERIC SMOKES; and
DEWAYNE JOHNSON,

    Defendants.

CIVIL ACTION NO.: CV614-072

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated January 29, 2015.[1] (Doc. 17.) After an independent and *de novo* review of the entire record: Plaintiff's Objections are **OVERRULED**; the undersigned concurs with the Magistrate Judge's Report and Recommendation; the Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court; and Defendant Celia Zammy is **DISMISSED** as a named Defendant.

I.     **Background**

Plaintiff, who is currently housed at Hancock State Prison in Sparta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. In his original Complaint and

---

[1] The Magistrate Judge also entered a Report and Recommendation dated September 23, 2014. (Doc. 11.) Based on the entry of a second Report and Recommendation, the Magistrate Judge's Report and Recommendation dated September 23, 2014, is hereby **VACATED**. In addition, Plaintiff's Objections are entitled "Plaintiff's Response to Defendants (sic) Motion to Dismissal." The contents of this pleading make it clear this pleading is actually Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

amendment thereto, Plaintiff alleged another inmate, Cordarell Cole, assaulted him and stabbed him with a sharpened piece of metal. Plaintiff asserted other inmates encouraged Cole to continue assaulting Plaintiff. Plaintiff also asserted Defendants Pauley and Hall then entered "the yard", and Defendant Pauley instructed Plaintiff and Cole to stop their actions and to put down the knife, or he was going to spray them both. (Doc. 1, p. 5.) Plaintiff averred that this assault lasted several minutes until he was able to gain control of the knife, and he received several injuries as a result. Plaintiff also asserts that he received medical attention from two (2) outside hospitals. In addition to Defendants Pauley and Hall, Plaintiff named Stanley Williams, Celia Zammy, Kathy Martin, Eric Smokes, and the Deputy Warden of Security as Defendants in this case. United States Magistrate Judge James E. Graham recommended Plaintiff's Amended Complaint be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted. (Doc. 11.)

In response to this recommendation, Plaintiff filed another Amended Complaint. (Doc. 14.) As relevant here, Plaintiff stated Defendant Zammy knew of the generally dangerous conditions at Smith State Prison, yet she allowed Plaintiff and Cole, who were from different dormitories, to come into contact with each other on September 1, 2012, in violation of policy and procedure. Magistrate Judge Graham ordered service of Plaintiff's Amended Complaint upon Defendants Martin, Smokes, Johnson, Pauley, and Hall based on his claims that his Eighth Amendment rights were violated. However, Magistrate Judge Graham found Plaintiff failed to state a viable Eighth Amendment claim against Defendant Zammy and recommended she be dismissed as a named Defendant. (Doc. 17, p. 4.) It is this recommendation to which Plaintiff objects.

## II. Discussion

Magistrate Judge Graham correctly set out and applied the law applicable to Plaintiff's claims, and the Court need not recite that discussion a length herein. However, the Court does address Plaintiff's objections.

In his Objections, Plaintiff asserts the assault he allegedly suffered by Cordarell Cole on September 1, 2012, stemmed from an incident he had involving Defendant Zammy on August 30, 2011. According to Plaintiff, Defendant Zammy told him on August 30, 2011, that he was holding his "private part" while looking at her. (Doc. 36, p. 1.) Plaintiff maintains he received a disciplinary report based on this incident and has had "run-ins" with Defendant Zammy since August 2011 during which she informed him she would get somebody affiliated with a gang "to see about [him] and stab [him] up." (Id.) Plaintiff states an unknown inmate approached him on March 24, 2012, and told him that inmate Cole wanted to speak with him. Plaintiff asserts he went into Cole's cell, and he was on the telephone "apparently talking to" Defendant Zammy because he "distinctly asked what" he had "going on" with Defendant Zammy. (Id.) Plaintiff told Cole Defendant Zammy was "lying on" Plaintiff. (Id.) Plaintiff avers Cole told him to pack his things and go to the hole, and when Plaintiff refused, Cole and he began fighting with the knives Cole had. Plaintiff alleges he and Cole were placed in the hole pending investigation and received a disciplinary report two (2) days later. Plaintiff also alleges Defendant Zammy let Cole into the yard where Plaintiff was on September 1, 2012, after she and Plaintiff "locked eyes." (Id. at p. 2.) This is the September 2012 incident giving rise to Plaintiff's cause of action.

Plaintiff failed to set forth any facts in his Complaint, which he amended on two (2) occasions, indicating Defendant Zammy had any knowledge of a particularized threat to

3

Plaintiff's safety. Instead, Plaintiff attempts to show Defendant Zammy's alleged knowledge for this first time in his Objections. Plaintiff's failure to raise any facts or issues prior to his Objections is an independent ground upon which to overrule his objection. Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (concluding that a district judge has broad discretion in declining to consider an argument not presented to the magistrate judge).

Even accepting the assertions made in Plaintiff's Objections as being made in a timely manner, he fails to set forth any facts indicating Defendant Zammy had any subjective knowledge of a particularized threat to Plaintiff's safety from Cole on September 1, 2012. Rather, Plaintiff's contentions against Defendant Zammy amount to no more than speculation. Plaintiff does not set forth any facts which establish a plausible Eighth Amendment claim against Defendant Zammy.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety and health of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendant['s] deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319–20).

4

There is nothing before the Court indicating Defendant Zammy had any knowledge of the March 2012 incident between Plaintiff and Cole and acted deliberately indifferent to Plaintiff's safety by allowing Plaintiff and Cole to be in the yard together in September 2012. At most, Plaintiff's assertions allege Defendant Zammy violated the policies and/or procedures in place at Smith State Prison, but such a violation does not equate to a constitutional violation. Stallworth v. Huffman, No. 07-0439-KD-B, 2008 WL 2858591, at *15 (M.D. Ala. July 22, 2008) (citing Cagle v. Sutherland, 334 F.3d 980, 986–87 (11th Cir. 2003) (a violation of a policy alone is insufficient to show a defendant acted with deliberate indifference). Plaintiff's Objections are without merit.

## CONCLUSION

Plaintiff's Objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Defendant Celia Zammy is **DISMISSED** as a named Defendant.

**SO ORDERED**, this 1ST day of June, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA