IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RODRICK L. SINCLAIR,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN STANLEY WILLIAMS; SGT. ROGER PAULEY; CO II JUSTIN HALL; CO KATHY MARTIN; DEPUTY WARDEN ERIC SMOKES; and DEWAYNE JOHNSON,<br><br>Defendants. | CIVIL ACTION NO.: 6:14-cv-72 |

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated November 13, 2015. (Doc. 83.) After an independent and *de novo* review of the entire record, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, and **OVERRULES** Plaintiff's Objections. Accordingly, Defendants' Motion to Dismiss, (doc. 26), is **GRANTED**, Plaintiff's Complaint is **DISMISSED**, and the Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and **CLOSE** this case. Plaintiff's Motions to Reinstate/Add, (docs. 75, 76), are **DENIED**. Plaintiff's Motion for Reconsideration of the Court's June 1, 2015, Order, (doc. 84), is **DENIED**. Additionally, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 on July 7, 2014, to contest certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. (Doc. 1.) In his original Complaint and amendments thereto, Plaintiff alleged another

inmate, Cordarell Cole, assaulted him and stabbed him with a sharpened piece of metal on September 1, 2012. Plaintiff asserted other inmates encouraged Cole to continue assaulting Plaintiff. Plaintiff also asserted Defendants Pauley and Hall then entered "the yard", and Defendant Pauley instructed Plaintiff and Cole to stop their actions and to put down the knife, or he was going to spray them both. (Doc. 1, p. 5.) Plaintiff averred that this assault lasted several minutes until he was able to gain control of the knife, and he received several injuries as a result. Plaintiff also asserts that he received medical attention from two (2) outside hospitals. Plaintiff amended his Complaint on August 22, 2014, and on September 19, 2014. (Docs. 8, 9.) In addition to Defendants Pauley and Hall, Plaintiff named Stanley Williams, Celia Zammy, Kathy Martin, Eric Smokes, and the Deputy Warden of Security as Defendants in this case.

On September 23, 2014, after conducting the requisite frivolity review of Plaintiff's Complaint, United States Magistrate Judge James E. Graham recommended that Plaintiff's Amended Complaint be dismissed in its entirety due to Plaintiff's failure to state a claim upon which relief could be granted. (Doc. 11.) In response to this recommendation, Plaintiff filed his Third Amended Complaint on October 6, 2014. (Doc. 14.) Following this amendment, on January 26, 2015, Magistrate Judge Graham issued another Report and Recommendation after conducting a frivolity review. (Doc. 17.) Judge Graham determined that Plaintiff's claims against Defendants Martin, Smokes, Johnson, Pauley, and Hall should proceed, but Judge Graham recommended that Plaintiff's claims against Defendant Williams, Defendant Zammy, and the Deputy Warden of Security be dismissed. Id. Accordingly, Defendants Martin, Smokes, Johnson, and Pauley were served with this action. (Docs. 19–22.)[1] The Court issued an Order

---

[1] Because Defendants Martin, Smokes, Johnson, and Pauley were the only Defendants served with this action, the Court refers to them collectively as "Defendants" except where otherwise noted.

2

adopting the Report and Recommendation and specifically dismissed Defendant Zammy. (Doc. 51.) This Order is the subject of Plaintiff's Motion for Reconsideration.

Defendants moved for dismissal of Plaintiff's claims against them based on their contention Plaintiff failed to exhaust his administrative remedies properly. (Doc. 26.) Magistrate Judge R. Stan Baker, after a thorough analysis, agreed with Defendants and recommended that the Court grant Defendants' Motion. Plaintiff objected to this Report and Recommendation, (doc. 86), Defendants filed a Response, (doc. 89), and Plaintiff filed a Reply, (doc. 90).[2] The Court concurs with the conclusions of the Magistrate Judge and need not restate that analysis, or this Court's prior Orders, at length. However, the Court addresses Plaintiff's Motion for Reconsideration as well as his Objections, as appropriate.

## DISCUSSION

### I. Motion for Reconsideration (Doc. 84)

In this Motion, Plaintiff requests that the Court reconsider its dismissal of Plaintiff's claims against Celia Zammy, as set forth by Order dated June 1, 2015. Plaintiff contends the Court overlooked his allegations and did not draw appropriate inferences that Zammy was aware of a particularized threat to Plaintiff's safety. (Doc. 84, p. 1.)

Contrary to Plaintiff's assertion, the Court carefully considered his allegations against Zammy, particularly in light of the numerous attempts Plaintiff made to set forth a plausible claim against Zammy, before dismissing Plaintiff's claims against Zammy.. Plaintiff's Motion offers nothing that compels the Court to reconsider its previous ruling. Plaintiff's Motion is **DENIED**. The Court's Order dated June 1, 2015, remains the Order of the Court.

---

[2] True to form, Plaintiff has filed no less than six pleadings and/or letters since the entry of the Report and Recommendation.

## II. Plaintiff's Objections (Docs. 86, 90)

The Magistrate Judge laid out Plaintiff's grievance history in detail and explained why Plaintiff's grievances failed to constitute proper exhaustion. (Doc. 83, pp. 8–14.) In his Objections, Plaintiff asserts that the counselor who handled his grievances was "fairly new" to the Prison, and she did not know what to do or how to proceed with his grievances "at times[.]" (Doc. 86, p. 1.) Plaintiff alleges he remembers asking the counselor to help him obtain the necessary knowledge or materials to submit a proper grievance since his grievances kept being rejected. Plaintiff contends the entire grievance process is out of his control, and of the seventeen grievances he filed, seven of those grievances related to the events giving rise to his Complaint. Plaintiff also contends this shows his efforts in attempting to exhaust his administrative remedies. (Id. at p. 2.) Plaintiff further asserts the counselor denied his requests for a formal grievance and an appeal form "several times" for Grievances Numbered 132551 and 133426. (Doc. 90, p. 1.)

Plaintiff raises these assertions for the first time in his Objections, which is an independent ground to overrule his Objections. Williams v. McNeill, 557 F.3d 1287 (11th Cir. 2009); Driskell v. Price, 2:13-CV-01541-VEH-SG, 2015 WL 545382, at *8 (N.D. Ala. Feb. 10, 2015) ("The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence."). This is especially true here, where Plaintiff's responses to Defendants' Motion to Dismiss were lacking in substance, as the Magistrate Judge observed. Even if the Court were to consider Plaintiff's newly-asserted contentions, he fails to overcome his burden of establishing that he properly exhausted his available administrative remedies. Woodford v. Ngo, 541 U.S. 81, 90–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can

4

function effectively without imposing some orderly structure on the course of its proceedings.") Consequently, Plaintiff's Objections are **OVERRULED**.

## CONCLUSION

Plaintiff's Objections are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein. Accordingly, Defendants' Motion to Dismiss, (doc. 26), is **GRANTED**, Plaintiff's Complaint is **DISMISSED**, and the Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and **CLOSE** this case. Plaintiff's Motions to Reinstate/Add, (docs. 75, 76), are **DENIED**. Plaintiff's Motion for Reconsideration of the Court's June 1, 2015, Order, (doc. 84), is **DENIED**. Plaintiff is **DENIED** *in forma pauperis* status on appeal.

**SO ORDERED**, this 22nd day of February, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA