# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RODERICK L. SINCLAIR,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN STANLEY WILLIAMS; SGT. ROGER PAULEY; CO II JUSTIN HALL; CO KATHY MARTIN; DEPUTY WARDEN ERIC SMOKES; and DEWAYNE JOHNSON,<br><br>Defendants. | CIVIL ACTION NO.: 6:14-cv-72 |

## ORDER

Presently before the Court is Plaintiff's Motion for Reconsideration and Motion to Alter or Amend Judgment. (Doc. 94.) After an independent and *de novo* review of the entire record, and for the reasons set forth below, Plaintiff's Motions are **DENIED**, and this case remains **CLOSED**.

## BACKGROUND

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 on July 7, 2014, to contest certain conditions of his confinement while housed at Smith State Prison in Glennville, Georgia. (Doc. 1.) In his original Complaint and amendments thereto, Plaintiff alleged another inmate, Cordarell Cole, assaulted him and stabbed him with a sharpened piece of metal on September 1, 2012. Plaintiff asserted other inmates encouraged Cole to continue assaulting Plaintiff. Plaintiff also asserted Defendants Pauley and Hall then entered "the yard," and Defendant Pauley instructed Plaintiff and Cole to stop their actions and to put down the knife, or he was going to spray them both. (Id. at p. 5.) Plaintiff averred that this assault lasted several minutes until he

was able to gain control of the knife, and he received several injuries as a result. Plaintiff also asserts that he received medical attention from two (2) outside hospitals. Plaintiff amended his Complaint on August 22, 2014, and on September 19, 2014. (Docs. 8, 9.) In addition to Defendants Pauley and Hall, Plaintiff named Stanley Williams, Celia Zammy, Kathy Martin, Eric Smokes, and the Deputy Warden of Security as Defendants in this case.

On September 23, 2014, after conducting the requisite frivolity review of Plaintiff's Complaint, United States Magistrate Judge James E. Graham recommended that Plaintiff's Amended Complaint be dismissed in its entirety due to Plaintiff's failure to state a claim upon which relief could be granted. (Doc. 11.) In response to this recommendation, Plaintiff filed his Third Amended Complaint on October 6, 2014. (Doc. 14.) Following this amendment, on January 26, 2015, Magistrate Judge Graham issued another Report and Recommendation after conducting a frivolity review. (Doc. 17.) Judge Graham determined that Plaintiff's claims against Defendants Martin, Smokes, Johnson, Pauley, and Hall should proceed, but recommended dismissal of Plaintiff's claims against Defendant Williams, Defendant Zammy, and the Deputy Warden of Security. (Id.) Accordingly, Defendants Martin, Smokes, Johnson, and Pauley were served with this action. (Docs. 19–22.)[1] The Court issued an Order adopting the Report and Recommendation and specifically dismissed Defendant Zammy.[2] (Doc. 51.)

Defendants moved for dismissal of Plaintiff's claims against them based on their contention Plaintiff failed to exhaust his administrative remedies properly. (Doc. 26.) Magistrate Judge R. Stan Baker, after a thorough analysis, agreed with Defendants and recommended that the Court grant Defendants' Motion. (Doc. 83.) Plaintiff filed Motions to

---

[1] Because Defendants Martin, Smokes, Johnson, and Pauley were the only Defendants served with this action, the Court refers to them collectively as "Defendants" except where otherwise noted.

[2] Plaintiff filed a Motion for Reconsideration, requesting that the Court reconsider its dismissal of his claims against Defendant Zammy, which the Court denied on February 23, 2016, (doc. 92).

Reinstate/Add Defendant Zammy, (docs. 75, 76), objected to the Magistrate Judge's Report and Recommendation, (doc. 86), and filed a Motion for Reconsideration of the Court's June 1, 2015, Order (doc. 84). On February 23, 2016, the Court denied Plaintiff's Motion to Reinstate/Add and his Motion for Reconsideration, adopted the Magistrate Judge's Report and Recommendation, and overruled Plaintiff's myriad objections. (Doc. 92.) On March 4, 2016, Plaintiff filed a Motion for Reconsideration of the Court's February 23, 2016, Order, as well as a Motion to Alter or Amend Judgment, (doc. 94). For the reasons set forth below, Plaintiff's Motions are **DENIED**, and this case remains **CLOSED**.

## DISCUSSION

I. **Motion for Reconsideration (Doc. 94)**

Plaintiff requests that the Court reconsider its Order adopting the Report and Recommendation of the Magistrate Judge dismissing his Complaint. Plaintiff reiterates his prior argument that he failed to exhaust administrative remedies because officials at Smith State Prison prevented him from filing the requisite formal grievances by rejecting his informal grievances. (Doc. 94.) Defendants aver that Plaintiff has presented no grounds warranting reconsideration. (Doc. 96, p. 2.)

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d

1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 97 F.3d 1242 (11th Cir. 1996).

Plaintiff has not met the standard for a motion for reconsideration. In particular, Plaintiff repeats the arguments he raised in his previous objections, (doc. 86). The Court considered and rejected these arguments when ruling on Plaintiff's Objections to the Magistrate Judge's November 13, 2015, Report and Recommendation. (Doc. 92, p. 4.) Plaintiff's Motion offers nothing that compels the Court to reconsider its previous ruling. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration. The Court's Order dated February 23, 2016, remains the Order of the Court.

II. **Motion to Alter or Amend the Judgment (Doc. 92)**

Plaintiff also moves, pursuant to Rule 59(e), for an alteration or amendment to judgment. (Doc. 94.) "The only grounds for granting [a Rule 59(e) ] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc., v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005)). Therefore, the Court will only grant Plaintiff's motion if (1) it presents newly-discovered evidence or (2) identifies manifest errors of law or fact. In his Motion, Plaintiff does not present newly-discovered evidence, nor does he identify any errors in the

Court's prior findings. In short, Plaintiff's Motion simply attempts to re-argue his case. Consequently, Plaintiff's Motion is **DENIED**.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration and Motion to Alter or Amend Judgment, and this case remains **CLOSED**.

**SO ORDERED**, this 15th day of April, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA